Dear Mr. Greer:
This office is in receipt of your request for an opinion of the Attorney General in regard to payment of Fire Tax by those included in the Fire District by its recent expansion. You indicate the Morehouse Parish Police Jury recently expanded the boundaries of Bastrop Area Fire Protection District 2 to include, in addition to Ward's 1, 3, 7 and 4, Precinct 19-1 of Ward 6, whereas Ward 6 also has a fire district which is funded by a property tax.
Based upon the factual situation, you ask whether the newly annexed residents of Pct 19-A of Ward 6 into District 2 will have to pay the Fire Tax in Ward 6.
This office has recognized that the police jury has authority to create, enlarge or redistrict any fire protection district in accordance with R.S. 40:1493(B). However, we find it important to recognize a distinction between redistricting of fire protection districts by the police jury, and inclusion of a portion of a fire district by annexation into the boundaries of a municipality. In the latter situation this office has concluded the fire protection district may renew its taxes for the areas annexed and continue to collect the taxes in the annexed area as long as the city and the fire protection district do not enter into a contract and agree that the municipality will have exclusive jurisdiction to serve the annexed area. Atty. Gen. Op. No. 97-121. Thus, fire districts are not changed by municipal annexation but by the police jury.
Similar to the question herein, we note that in Atty. Gen. Op. No. 90-472 this office was asked whether residents who have paid a charge in one fire district but through redistricting are placed in another district are entitled to reimbursement or credit for the service charge paid. After setting forth the required procedure for changing the boundaries of the district, it was concluded as follows:
 However, if new territory is included in the boundaries of the new district, the governing authority may not levy taxes or service charges which were previously authorized by the inhabitants of the previous fire protection district, unless a majority of the electors in the newly included territory approve. LSA-R.S. 40:1492C.
 Citizens who pay a service charge in the old district, but then are placed in a new district and are required to pay another service charge, are denied substantive due process of law by an arbitrary and capricious consequence of the redistricting. They are entitled either to reimbursement from the first district, or a credit from the new one, which could then be reimbursed by the former district in which they resided.
Atty. Gen. Op. No. 92-418 made a similar observation in regard to a request for an interpretation of R.S. 40:1492(C). It was noted that R.S. 40:1492(C) provides in pertinent part as follows:
 However, the governing authority of the district shall be without authority to levy any previously authorized taxes in the new territory included within the boundaries of the districts as enlarged, unless such enlargement has occurred after petition therefor of a majority of the qualified electors of the area to be included and/or the question of such tax levy has been approved by a majority of the electors of the new territory so included voting in an election held for such purpose.
It was then concluded that "the governing authority of the fire protection district may levy previously authorized taxes upon property contained in newly included territory if either, a) the enlargement occurred after a petition therefor by a majority of the qualified electors of the area that was included within the district, or b) the question of the levy has been approved by a majority of the electors of the new territory in an election."
Based upon these observations we would conclude the residents of Pct 19-A, now included in District 2, cannot be required to pay a fee in the new district unless a majority of the electors in the newly included territory approved the fee, and if there was this approval of the taxation in the new district, and the residents are no longer protected by the previous fire district, they cannot be required to make both payments. As stated above, "They are entitled either to reimbursement from the first district, or a credit from the first district, or a credit from the new one, which could then be reimbursed by the former district in which they re-sided."
We hope this sufficiently answers your inquiry, but if we can be of further assistance, do not hesitate to contact us.
Sincerely yours,
 RICHARD P. IEYOUB Attorney General
 By: BARBARA B. RUTLEDGE
Assistant Attorney General
BBR